**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**EUGENE W. JOHNSON,**

        **Plaintiff,**

**v.**                                           **2:05CV522**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the United States District Court for the Eastern District of Virginia, by order of reference entered July 26, 2006. The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331.

### I.  STATEMENT OF THE CASE

### A.  Background

Plaintiff is one-third owner of Hallwood Fisheries, LLC (hereinafter "Hallwood"), which is in the business of raising hybrid striped bass. On August 9, 2001, a crop of fish owned by Hallwood was destroyed by lightning.[1] Plaintiff values the loss at One Hundred Sixty-Eight Thousand Seven Hundred Fifty Dollars ($168,750.00). On August 14, 2001, plaintiff filed on Hallwood's behalf a notice of loss and an application for assistance under the Non-Insured Crop Disaster Relief

---

[1] Plaintiff claims that he owns the pond subject to the crop loss, not Hallwood. However, on all relevant documents, Hallwood is listed as either the producer or owner.

Program (hereinafter "NAP"). NAP is administered by the Farm Service Agency (FSA) in Accomack-Northampton County, Virginia ("FSA"). Plaintiff alleges that he gave the notice of loss to H.L. Kellam, Jr., the County Executive Director of the FSA. According to plaintiff, Kellam fraudulently altered the notice of loss and the alterations caused the FSA to reject Hallwood's NAP application.

On September 9, 2005, plaintiff, proceeding pro se, filed a complaint against Kellam in his individual capacity, for refusing to "act properly" when he received the notice of loss and for fraudulently "altering or changing" a legal document. (Compl. ¶ 1, 4.) It is unclear whether the complaint purports to appeal the agency's denial of Hallwood's NAP claim. On December 22, 2005, the complaint was served.

On February 13, 2006, the District Court entered default judgment against Kellam for failure to file a responsive pleading within twenty days, as required by Rule 12(a)(1)(A), of the Federal Rules of Civil procedure. On February 21, 2006, Kellam filed a motion to dismiss pursuant to Rules 8(a) and 9(a), of the Federal Rules of Civil Procedure.

On April 20, 2006, the District Court conducted a hearing on Kellam's motion to dismiss. During oral argument, plaintiff clarified that he intended to sue Kellam in his individual capacity only and that his claim is not an appeal of the FSA's decision. (April 20, 2006 Tr. at 13.) Following the hearing, the District Court ordered that the United States be substituted as defendant because Kellam was acting within the scope of his office, not individually. See 28 U.S.C. § 2679(d)(3); Johnson v. Kellam, Dist. Ct. Mem. Ord. 5/15/06. The District Court also found that the entry of default against Kellam on February 13,

2

2006, was in error because Rule 12(a)(3)(A), gives a government official, acting within the scope of his official duties, sixty days to respond. In addition, Rule 12(a)(3)(B), gives a government employee sued in an individual capacity the same length of time. See Fed.R.Civ.P. 12(a)(3)(A) and (B).

The District Court found that plaintiff had failed to assert a jurisdictional basis for a federal cause of action against Kellam, in either his individual or official capacities. The Court determined that if Kellam were to be sued under a fraud claim, the Court lacked diversity jurisdiction over potential state claims, since both litigants are residents of the Commonwealth of Virginia. See 28 U.S.C. § 1332. The District Court further found that the alleged action against Kellam was for conduct arising within the scope of his office and substituted the United States as defendant. Therefore, the United States must either waive sovereign immunity and consent to being sued, or the suit must be brought under the Federal Tort Claims Act (FTCA). See 28 U.S.C. §§ 2675(a) and 2680(h). Further, if the suit is brought under the FTCA, plaintiff must exhaust his administrative remedies. See 28 U.S.C. § § 2675(a).

On May 15, 2006, the District Court provisionally granted defendant's motion to dismiss but expressly gave plaintiff leave to file an amended complaint. Plaintiff was instructed that his amended complaint must include the following:

       1.    A short and plain statement of the grounds upon which the Court's jurisdiction is based;

    2.    A short and plain statement of the claim(s), setting forth why plaintiff is entitled to relief;

    3.    A short, concise, and direct statement of the factual basis for each claim, identifying the particular law that gives the plaintiff the right to sue the defendant, based on the asserted facts;

    4.    A short, concise statement setting forth, with particularity, the circumstances constituting any alleged fraud; and

    5.    A demand for judgment, stating the relief plaintiff seeks.

On May 18, 2006, plaintiff timely filed an amended complaint, and on May 31, 2006, defendant filed a motion to dismiss for plaintiff's failure to comply with the Order of May 15, 2006. On July 26, 2006, the motion was referred to the undersigned to conduct an evidentiary hearing and to submit proposed findings of fact and recommendations of law for the disposition of the matter by the District Court.

On August 16, 2006, the undersigned conducted a hearing, at which time, plaintiff was urged to retain counsel and to file an amended complaint on Hallwood's behalf. Plaintiff was also instructed to notify the Court within thirty days that he had retained counsel, and the matter was continued to September 18, 2006, for a supplemental evidentiary hearing.

On September 18, 2006, the matter came on for hearing, but neither plaintiff, nor a representative on his behalf, appeared, therefore, no evidence was heard. When contacted via telephone, plaintiff stated that he had no intention of appearing and that he had

no intentions of filing any further pleadings. The matter is now ripe for consideration.

### B. Issues

1. Whether the Court has jurisdiction over a claim brought under the FTCA, where plaintiff has not exhausted his administrative remedies;

2. Whether plaintiff has stated a claim upon which relief can be granted; and

3. Whether plaintiff has complied with the District Court's Order of May 15, 2006, in the preparation of his amended complaint.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to plaintiff and his or her allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that plaintiff can prove no facts in support of his or her claim which would entitle him or her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. International Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993); Bruce v. Riddle, 631 F.2d 272, 273-74 (4th Cir. 1980). The courts must construe the complaint liberally in favor of plaintiff, even

5

if recovery appears remote and unlikely. See Jenkins, 395 U.S. at 421. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  This Case Should be Dismissed

1.  Jurisdiction under the Federal Tort Claims Act (FTCA

Plaintiff has not alleged grounds upon which the Court can assert jurisdiction under the FTCA, thereby failing to comply with Rule 8(a)(1), Federal Rules of Civil Procedure, and the District Court's Order of May 15, 2006.  A very liberal reading of plaintiff's amended complaint suggests that he wishes to pursue an action for fraud against Kellam, a government officer acting in his official capacity, but no reason for such action is clearly stated.  (Amend. Compl. ¶ 1.) However, since it is clear that Kellam was acting in an official capacity, the District Court substituted the United States as defendant. In so doing, the practical effect was to give plaintiff the opportunity to assert a federal tort claim.  28 U.S.C. § 2671, et seq.

The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a government employee, acting within the scope of his or her employment.  See United States v. Kubrick, 444 U.S. 111 (1979). However, under the FTCA, the court may only exercise jurisdiction over a suit file by a plaintiff who has exhausted his administrative

6

remedies. See 28 U.S.C. § 2675(b). To exhaust administrative remedies, a plaintiff is obliged to present the claim to the appropriate federal agency, and the claim must subsequently be denied or fail to be decided upon, within six months of the date on which the claim is filed. Id.

Plaintiff has not proved, or even contended, that he presented his claim of fraud to any federal agency. While it is not disputed that he filed a claim for the loss of his crop under the provisions of the NAP, the claim contemplated in the amended complaint is a claim of fraud--wrongful acts on Kellam's part--as precursor to a lawsuit. After learning that his claim under NAP had been denied, plaintiff suspected fraud on Kellam's part and proceeded directly to file suit. Plaintiff does not aver, nor is there any basis to believe, that any federal agency was notified of his intention to proceed under the FTCA. As a result, the Court may not assert jurisdiction. This circumstance, in itself, is sufficient to dismiss the case in defendant's favor.

2. Plaintiff has not stated a valid claim for relief.

The main thrust of plaintiff's complaint is that Kellam refused to "act properly" when he received the notice of loss and for fraudulently "altering or changing" a legal document. (Compl. ¶ 1, 4). As a result, plaintiff alleges that Kellam caused the denial of plaintiff's NAP claim. (Amend. Compl. ¶ 4.) Specifically, plaintiff alleges that Kellam added to the notice of loss the suffix "LLC" to Hallwood Fisheries' name as the producer of the crop, instead of leaving it blank as plaintiff had done in his original submission. (Amend. Compl. ¶ 4.) Plaintiff also states that Kellam committed fraud when he submitted the altered documents and failed to submit an acreage report

7

to the FSA County Committee, who decided whether to grant or deny plaintiff's NAP claim. (Amend. Compl. ¶ 5.) Although plaintiff has repeatedly asserted a claim of fraud[2] against Kellam, he is in fact asserting a tort claim under the FTCA for Kellam's alleged wrongful acts or omissions. See 28 U.S.C. § 2675(a).

Assuming, <u>arguendo</u>, that jurisdiction lies, the FTCA provides a plaintiff the opportunity to sue a government officer in his official capacity, if, by the officer's wrongful acts, a plaintiff suffers an injury or loss of property. <u>Id.</u> In this case, plaintiff has failed to connect the alleged wrongful acts to his injury or loss of property. As plaintiff points out, the FSA is the body that determines whether a claim is granted or denied, not Kellam. (Amend. Compl. ¶ 4.) Nothing in the pleadings or the record suggests that Kellam's alleged modification of the document or failure to submit an acreage report was the reason for the denial of plaintiff's claim.

Finally, plaintiff asserts that he is entitled to recover One Hundred Sixty-Eight Thousand Seven Hundred Fifty Dollars ($168,750.00), the claimed value of the lost fish crop. Yet, plaintiff has no insurance in place to cover even a portion of his loss. Even if plaintiff had paid the premium for the insurance, the amount to which he would be entitled would only be a portion of the total crop value.

---

[2] Under Virginia law, actual fraud consists of the following elements: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. <u>Van Deusen v. Snead</u>, 441 S.E.2d 207 (Va. 1994). Even assuming that the Court has jurisdiction over the state law claim, plaintiff has failed to allege any of the foregoing elements of fraud, save that he has suffered damages. Additionally, defendant has not waived its sovereign immunity under 28 U.S.C. § 2680(h).

### 3. Plaintiff has failed to comply with the District Court's Order of May 15, 2006.

On May 15, 2006, the District Court granted defendant's motion to dismiss but gave plaintiff leave to file an amended complaint. Not only did the Court direct plaintiff to provide short and plain statements regarding jurisdiction and claims, the Court directed plaintiff to provide: (1) a concise statement regarding the factual basis for each claim, along with the applicable law; (2) a concise statement, stating with particularity, the circumstances constituting any alleged fraud; and (3) a demand for judgment, stating the relief sought.

All of plaintiff's pleadings pose a problem, and the amended complaint is no different. The pleading fails to comply with the District Court's Order and sheds no new light on the nature of plaintiff's claims. Nowhere in the amended complaint does plaintiff state any of the aforementioned requirements set forth in the Order of May 15, 2006. In an attempt to give plaintiff the benefit of the doubt, the Court, in addressing the issues of jurisdiction and potential claims, has attempted to diligently sift through a very confusing document. However, it is not the Court's role to divine meaning out of absolute chaos. The Federal Rules of Civil Procedure require "a short and plain statement." See Fed.R.Civ.P. 8(a).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that defendant's motion to dismiss be GRANTED and this matter be removed from the docket.

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                 /s/
                                      **James E. Bradberry**
                                      **United States Magistrate Judge**

**Norfolk, Virginia**

   **November 14**   , **2006**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Eugene W. Johnson, <u>pro se</u>
    13654 Cattail Road
    Mears, VA 23409

    Anita Kay Henry, Esq.
    U.S. Attorney's Office
    101 W. Main St., Ste. 8000
    Norfolk, VA 23510

    Fernando Galindo, Acting Clerk

    By _____
          Deputy Clerk

_____, 2006